**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02716-WJM

LYNN EUGENE SCOTT,

      Applicant,

v.

WARDEN OF THE BUENA VISTA CORRECTIONAL FACILITY,

      Respondent.

**ORDER DENYING MOTION TO CONSOLIDATE AND
MOTION FOR APPOINTMENT OF COUNSEL**

THIS MATTER comes before the Court on Applicant Lynn Scott's Motion to Consolidate Cases (ECF No. 16) and Motion for Appointment of Counsel (ECF No. 18). Both motions were filed on March 18, 2011. For the following reasons, the Motion to Consolidate Cases and the Motion for Appointment of Counsel are DENIED.

***Motion to Consolidate Cases***

Pursuant to Fed. R. Civ. P. 42(a), cases may be consolidated if they "involve a common question of law or fact" in order to expedite and economize judicial proceedings. A court's determination on whether to grant consolidation is discretionary and is based in part on whether "consolidation would promote trial convenience and economy in administration" or where a party would suffer injury as a result of a denial of a motion to consolidate. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). "[D]enial of the motion to consolidate . . . will not be reversed on appeal absent clear error." *Id.*

Applicant moves to consolidate case number 11-cv-00361-WJM with case number 10-cv-02716-WJM. While both matters involve disciplinary convictions within the Buena Vista Correctional Facility, they do not involve a common question of law or fact. Further, Applicant has not shown that he will suffer any injury as a result of a denial of this motion. The Court, therefore, finds that the interests of justice do not require consolidation at this time.

***Motion for Appointment of Counsel***

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). "[G]enerally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); *see also Coleman v. Small*, 501 U.S. 722, 756-57 (1991). The Criminal Justice Act provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). Thus, the Court has discretion to appoint counsel in a habeas proceeding.

"In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery,* 393 U.S. 483, 487 (1969). Here, Respondent has filed a Response to Order to Show Cause Why *Habeas* Petition Should Not Be Granted (ECF No. 15) and Applicant has filed a Traverse (ECF No. 17) in reply. An

evidentiary hearing is not necessary at this time.  The Court, therefore, finds that Applicant's request is premature, and the interests of justice do not require appointment of counsel at this time.

Accordingly, it is hereby ORDERED as follows:

1) Applicant's Motion to Consolidate Cases, ECF No. 16, is DENIED; and

2) Applicant's Motion for Appointment of Counsel, ECF No. 18, is DENIED as premature.

Dated this 25th day of March, 2011.

BY THE COURT:

William J. Martinez
United States District Judge