**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 10-cv-02716-WJM

LYNN EUGENE SCOTT,

      Applicant,

v.

WARDEN OF THE BUENA VISTA CORRECTIONAL FACILITY,

      Respondent.

---

**ORDER DENYING MOTION FOR ORDER TO COMPEL DISCOVERY**
**AND GRANTING MOTION FOR LEAVE TO FILE REPLY TO TRAVERSE**

---

THIS MATTER comes before the Court on Applicant Lynn Scott's Motion for an Order to Compel Discovery ("Motion to Compel Discovery"), ECF No. 20, and Respondent Warden of the Buena Vista Correctional Center's Motion for Leave to File Reply to Traverse ("Motion for Leave"), ECF No. 24.  For the following reasons, the Motion to Compel Discovery is DENIED and the Motion for Leave is GRANTED.

***Motion for Order to Compel Discovery***

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") provides for discovery in habeas corpus cases.  Rule 1(b) of the § 2254 Rules applies the rules to a § 2241 application.  Discovery in a habeas corpus application is not automatic, but must be requested, and good cause must be shown as to why discovery should be allowed.  § 2254 Rule 6.

Here, the parties have provided proper briefing for the Court to decide the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and no discovery

is needed.  Should the Court find, at a later date, that discovery is necessary, it will grant Applicant leave at that time to conduct said discovery.

Applicant further requests the Court order Respondent to pay $5,000 for failure to provide discovery.  The Court construes this request as a request for sanctions pursuant to Fed. R. Civ. P. 37.  The Court denies this request as there has been no order for discovery, and therefore no failure by Respondent to provide discovery.

***Motion for Leave to File Reply to Traverse***

In the Motion for Leave, Respondent requests the opportunity to file a reply to Applicant's traverse based on new information provided in the traverse, ECF No. 17, and Motion to Compel.  (ECF No. 24 at ¶ 5.)  Specifically, Respondent asks for an opportunity to address Applicant's request for habeas relief based on the denial of his re-parole, which was unclear to Respondent based on the initial Application, ECF No. 2.

Because the request for relief was narrowed in the traverse and Motion to Compel, Respondent should be provided the opportunity to respond.  And, the Court should have the benefit of Respondent's response.  The Court therefore grants Respondent's Motion for Leave, ECF No. 24, and accepts Respondent's Reply to Traverse, ECF No. 25.

Accordingly, it is hereby ORDERED as follows:

1)    Applicant's Motion for an Order to Compel Discovery, ECF No. 20, is DENIED without prejudice;

2)    Applicant's request for sanctions for failure to provide discovery is DENIED;

3)    Respondent's Motion for Leave to File Reply to Traverse, ECF No. 24, is

2

GRANTED; and

4)       The Court accepts Respondent's Reply to Traverse, ECF No. 25.


Dated this 3rd day of June, 2011.

BY THE COURT:

William J. Martínez
United States District Judge