IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge William J. Martínez**

Civil Action No. 10-cv-02716-WJM

LYNN EUGENE SCOTT,

     Applicant,

v.

WARDEN OF THE BUENA VISTA CORRECTIONAL FACILITY,

     Respondent.

---

ORDER DISMISSING APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

---

     This matter is before the Court on Petitioner Lynn Eugene Scott's *pro se*

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Petition")

challenging the validity of an October 2007 prison disciplinary conviction that resulted in

the postponement of his reparole date.  Respondent filed a Response to Order to Show

Cause and the Petitioner filed a Traverse.  Also pending is Respondent's Motion to

Dismiss Matter as Moot [Dkt. #30].  Petitioner filed a response to the motion.  Having

considered the same, the Court concludes that the Petition must be dismissed for lack

of subject matter jurisdiction.

**I.     Background**

     Petitioner was convicted in Colorado state court of two separate drug counts and

was sentenced on March 24, 2000 to ten years of imprisonment with the Colorado

Department of Corrections (DOC), plus a period of mandatory parole pursuant to

statute.  *See* Motion to Dismiss, Affidavit of Mary Carlson, Ex. A, at ¶ 4, and attachs. 1,

2.  In May 2004, he was sentenced for a conviction on two charges of escape to six months imprisonment and a two-year period of parole.  *Id.* at ¶ 4, and attach. 3.  On June 19, 2006, the Colorado Board of Parole granted Petitioner early release to parole. Carlson Aff., at ¶ 5, and attachs. 4, 5.  The mandatory five-year parole period was ordered to commence April 11, 2007 in Denver.  *Id.*  On July 3, 2007, a parole complaint was filed, alleging that Petitioner committed numerous violations of his parole agreement, including absconding from parole supervision.  *Id.*, at ¶ 6.  On July 9, 2007, the Parole Board found Petitioner guilty of absconding and other violations and ordered Petitioner's parole revoked for 180 days. *Id.* at ¶ *7*, attach. 7.  Petitioner was returned to the DOC to serve the revocation.  *Id.*  Petitioner's reparole date was scheduled for January 5, 2008.  *Id.* at ¶ 8.

On October 19, 2007, Petitioner was convicted of a class II Code of Penal Discipline (COPD) infraction for advocating a facility disruption at Sterling Correctional Facility (SCF).  Carlson Aff., ¶ 9.  In a hearing held on November 14, 2007, the Parole Board rescinded Petitioner's January 5, 2008 reparole date and ordered that the revocation period be extended 180 days.  *Id.*, and attachs. 8, 9.  Petitioner's reparole date was continued to May 12, 2008.  *Id.*, ¶ 10.

On February 19, 2008, Petitioner was convicted of a class II COPD infraction for possession of another offender's legal document at SCF.  Carlson aff., ¶ 11.  In a hearing held on March 11, 2008, the Parole Board rescinded Petitioner's May 12, 2008 reparole date and ordered that the revocation period be extended 150 days.  *Id.*, and attachs. 10, 11.  Petitioner's reparole date was readjusted to August 5, 2008.  *Id.* at ¶ 12.

2

Petitioner was reparoled on August 5, 2008.  Carlson aff., at ¶ 13, and attachs. 12, 13.  On September 12, 2008, a parole complaint was filed against Petitioner, alleging several violations of the parole agreement, including absconding from parole supervision.  *Id.* at ¶ 14, and attach. 14.  Following a November 20, 2008 hearing, the Parole Board found Petitioner guilty of several parole violations, and revoked his parole to the DOC for the remainder of the term.  *Id.* at ¶ 15, and attach. 15.  Petitioner was returned to the DOC on November 24, 2008 to serve his parole revocation period.  *Id.* His estimated discharge date is May 3, 2012.  *Id.* at ¶ 16.

## II.   Standard of Review

The Court must construe the Petition and other papers filed by Petitioner liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  However, the Court should not be an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.

An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence.  *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997) ("a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters.").   A district court is only authorized to issue the writ of habeas corpus when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  An application for habeas relief may be granted only "when the remedy requested would result in the prisoner's

immediate or speedier release from . . . confinement." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

Petitioner challenges his October 19, 2007 prison disciplinary conviction for advocating a facility disruption as violative of his rights under the Fourteenth Amendment Due Process Clause. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (setting forth due process requirements in prison disciplinary proceedings); *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (holding that requirements of due process are satisfied if some evidence supports prison disciplinary decision). He does not seek any specific relief.

Respondent does not intend to raise the affirmative defenses of timeliness or failure to exhaust state court remedies. *See* Dkt. #7.

## III.    Analysis

The first issue the Court must address is whether the Petition is moot. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir.1998) (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)). To satisfy this case or controversy requirement, "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quotation omitted). Put simply, "[a]n issue becomes moot when it becomes impossible for the court to grant 'any effectual relief whatsoever' on that issue to a prevailing party." *United States v. Hahn*, 359 F.3d 1315, 1323 (10th Cir. 2004) (quoting *Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001)). "Mootness is a threshold issue because the

existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

In this proceeding, Petitioner challenges the constitutionality of his October 2007 disciplinary conviction which caused the Parole Board to postpone Petitioner's reparole date for several months.  However, once Petitioner was reparoled on August 5, 2008, he no longer had a redressable injury arising from the postponement.  The Court cannot shorten the period of the postponement because it was terminated by Petitioner's reparole.  As such, "the best this court could do for him would be to declare [in an advisory opinion] that he spent longer in prison than he should have . . . . [t]hat is not enough to satisfy Article III." *Rhodes v. Judiscak*, ___ F.3d ___, 2011 WL 3134731, at *3 (10th Cir. July 27, 2011).  Petitioner therefore must establish the existence of continuing "collateral consequences" as a result of the postponement to demonstrate a live case or controversy.  *See Spencer*, 523 U.S. at 7-8 (holding that when a defendant challenges a parole revocation but has completed the sentence imposed upon revocation, the defendant bears the burden of demonstrating the existence of actual collateral consequences resulting from the revocation")*; see also Vandenberg v. Rodgers,* 801 F.2d 377, 377-78 (10th Cir.1986) (dismissing habeas petition as moot where petitioner challenged determinations that delayed his parole date, but was released on parole at time of appeal).

Petitioner counters that the Petition is not moot because he is still imprisoned, having been reincarcerated following revocation of his term of mandatory parole. Petitioner maintains that he should have been released from DOC custody on his state sentences in March 2008 and his current detention, therefore, is illegal.  Response, at

5

3-10.  This argument is wide of the mark.  The Petition challenges the execution of Petitioner's sentence as it was affected by his October 1997 prison disciplinary conviction–i.e., the postponement of his reparole from January 2008 to May 2008.  The Petition does not assert any constitutional or federal statutory claims concerning the execution of Petitioner's sentence following his reparole in August 2008 and his subsequent reincarceration in November 2008.  And, such concerns are not "collateral consequences" of the postponement of his reparole in 2008.  *See Spencer*, 523 U.S. at 15-16 (possibility that prisoner may violate the law upon his release from state confinement "does not constitute a sufficient collateral consequence to defeat mootness").  Because Petitioner does not articulate any continuing "collateral consequences" as a result of the postponement of his reparole from January to May 2008, he fails to present a case or controversy for purposes of Article III.  *See generally id.*, at 14-17 (rejecting petitioner's asserted injuries attributable to parole revocation).

Accordingly, it is ordered:

1.      Respondent's Motion to Dismiss Matter as Moot [Dkt. #30] is GRANTED.

2.      Petitioner Lynn Eugene Scott's Application For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is denied for lack of subject matter jurisdiction.

3.      No certificate of appealability will issue because Petitioner has not made a substantial showing that jurists of reason would find it debatable whether the jurisdictional ruling is correct and whether the Petition states a valid claim of the denial of a constitutional right.

4.      This case is dismissed without prejudice.

Dated this 24th day of August, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge